# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANDRE WINGO,**
             **Petitioner,**

     v.                                                **Case No. 05C0357**

**DAVID SCHWARTZ, Administrator, and**
**MARK KLUCK, Probation Officer,**
             **Respondents.[1]**

## DECISION AND ORDER

Petitioner Andre Wingo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his due process rights were violated in connection with the revocation of his probation. Specifically, he claims that (1) he was denied a speedy hearing, and (2) there was insufficient evidence to support his revocation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1997, petitioner was convicted of one count of third-degree sexual assault and one count of substantial battery. He was sentenced to four years of incarceration followed by five years of probation. (Answer Ex. A.)

On February 23, 2002, petitioner was released from prison and commenced his term of probation. During his probation, petitioner was required to (1) not commit acts of physical violence; (2) not change his residence without the approval of his probation

---

[1] I note that petitioner has not named the proper respondent – the warden of the institution where he is confined. However, the parties have not raised the issue, and the state attorney general's office has defended the case as any other habeas matter.

1

agent; (3) not have contact with a person under eighteen years old unless supervised by an approved adult; (4) inform his probation agent of his whereabouts and activities; and (5) provide true and correct information in response to his probation agent's inquiries. (Answer Ex. B. at 2.)

On August 6, 2002, Mary Blaha filed a domestic violence complaint against petitioner. According to the police report, on August 4, 2002, petitioner refused Blaha's request that he move out, then hit her and threw her about the house. Officer Robert Griebel, who investigated Blaha's complaint, arrested petitioner at Blaha's residence on August 6, 2002. (Id. Ex. B. at 3.)

Petitioner's probation agent, Mark Kluck, notified petitioner that he had violated the rules of his probation because he (1) was violent towards Blaha, (2) lived at her apartment without approval, (3) had contact with her children, (4) provided false information on his Offender Report Form regarding his residence, and (5) failed to provide true and correct information to his agent. (Id. Ex. B. at 2.)

Petitioner's final revocation hearing began on September 25, 2002. Blaha testified that she had been dating petitioner, but that he did not live with her or stay overnight. She testified that on August 4, 2002, she and petitioner got into a "heated discussion" but claimed that she could not remember if petitioner hit her because she suffered from memory loss due to depression. However, she testified that she did remember going to the hospital because her lip was "busted open." (Id. Ex. B at 3; Petr.'s Brf. Ex. C at 15-21.)

After Blaha testified, the hearing was adjourned, with petitioner's and his counsel's approval, in order to obtain the testimony of Officer Griebel and to receive a

2

certified copy of the judgments. (Answer Ex. B at 3; Petr.'s Brf. Ex. C at 4; 25-27.) The hearing resumed on February 6, 2003, and Officer Griebel testified that when he talked to Blaha on August 6, 2002, he observed scratches and bruises around her eyes, scratches around her neck and lacerations to her lips. He stated that Blaha told him that petitioner was her live-in boyfriend and caused her injuries. (Answer Ex. B at 3; Petr.'s Brf. Ex. C at 34-38.) Greibel testified that he interviewed petitioner after the arrest, and petitioner stated that he lived at Blaha's residence. However, petitioner denied causing her injuries, claiming that they may have occurred when she fell out of bed or during an altercation with her children. (Answer Ex. B at 3-4; Petr.'s Brf. Ex. C at 35-43.) Petitioner's probation agent, Mark Kluck, testified that petitioner had not told him that he was living with Blaha, and that petitioner's rules forbid him to have contact with children without the supervision of an approved adult. (Answer Ex. B at 4; Petr.'s Brf. Ex. C at 58.) Petitioner testified that he did not hit Blaha, live with her, or have contact with her children. (Answer Ex. B at 4; Petr.'s Brf. Ex. C at 76, 78, 80.) At the conclusion of the hearing, petitioner, for the first time, stated that the delays in the hearing prejudiced his "speedy hearing rights." (Petr.'s Brf. Ex. C at 84.)

The Administrative Law Judge ("ALJ") found that petitioner committed four violations and revoked his probation. Her decision was upheld by the Division of Hearings and Appeals, the Milwaukee County Circuit Court and the Wisconsin Court of Appeals. (Answer Ex. B at 4, 10.) The Wisconsin Supreme Court denied petitioner's request for review. (Answer Ex. C.)

3

## II. DISCUSSION

### A. Standard of Review

AEDPA permits a district court to grant a petition for a writ of habeas corpus only when the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). To constitute an "unreasonable application" of clearly established federal law, a state court decision must be "more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citing Williams, 529 U.S. at 410, 412). Its conclusion must also be unreasonable, which means "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002). Under this standard, "if the state court's decision is 'at least minimally consistent with the facts and circumstances of the case,' the federal court is powerless to grant relief." Hammer v. Karlen, 342 F.3d 807, 810 (7th Cir. 2003) (quoting Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997)).

### B. Procedural Default

Before I proceed to the merits of the petition, I must determine whether petitioner procedurally defaulted on his claim that there was insufficient evidence to revoke his

4

probation because he failed to exhaust his state remedies. Under AEDPA, "[a]n applicant [for a writ of habeas corpus] shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim to each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004). To "fairly present" a claim, a brief must "present both the operative facts and the legal principles that control each claim." Wilson v. Briley, 243 F.3d 325, 327-28 (7th Cir. 2001).

In his habeas petition, petitioner claims that he was denied due process because he was denied a speedy hearing and because the evidence that he violated probation was insufficient. (Pet. at 3-4.) It is clear that petitioner's speedy hearing claim was presented to the Wisconsin Court of Appeals and Wisconsin Supreme Court, and thus may be reviewed on the merits. However, respondents argue that his insufficient evidence claim is procedurally defaulted because he did not present it to the Wisconsin Supreme Court.

Petitioner presented two issues in his petition for review by the state supreme court. The first was his speedy hearing claim. The second primarily addressed an issue of state law: "Does the revised Wisconsin Administrative Code related to

5

probation-parole revocation hearings require a judgment of conviction to prove a rule violation?" (Answer Ex. G at 1.) However, petitioner later wrote: "If this court answers Wingo's question in the affirmative then he was denied due process because there was no evidence to revoke him." (Id. at 3.) I find that this was sufficient to alert the Wisconsin Supreme Court to the nature of his claim, and that petitioner has therefore not procedurally defaulted. See also 28 U.S.C. § 2254(b)(2) (stating that an application for habeas relief may be denied on the merits notwithstanding the petitioner's failure to exhaust).

**C.     Merits**

    **1.     Sufficiency of the Evidence Claim**

The sufficiency of the evidence required to support probation revocation does not approach that required to sustain a criminal conviction. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972); see also Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (applying Morrissey's parole revocation due process requirements to probation revocation proceedings). A probationer's due process rights are protected when the evidence against him "bears substantial indicia of reliability." Egerstaffer v. Israel, 726 F.2d 1231, 1235 (7th Cir. 1984).

Petitioner argues that there was insufficient evidence to support his probation revocation because: (1) at the hearing, Blaha testified that he did not hit her, live with her or have contact with her children; and (2) Officer Griebel and Agent Kluck's testimony was unreliable hearsay. The Wisconsin Court of Appeals rejected these arguments because, in Wisconsin, a probation violation can be proven with reliable hearsay, and the ALJ reasonably found Officer Griebel and Agent Kluck credible.

6

(Answer Ex. B. at 9-10.)

The state court did not unreasonably apply federal law in so concluding. The Supreme Court has held that reliable hearsay may form the basis for revocation. See United States v. Kelley, 446 F.3d 688, 690-92 (7th Cir. 2006). Nor did the state court unreasonably determine the facts in light of the evidence presented. It was reasonable for the state judiciary to find Officer Griebel reliable and credible because he personally responded to Blaha's domestic violence complaint, observed her injuries and filled out a detailed report on the matter. Even though Blaha claimed at the hearing that she could not recall whether petitioner hit her, her testimony was contrary to what she told Officer Griebel at the time of the incident. Further, Blaha admitted that she argued with petitioner, and that she went to the hospital with a busted lip; she also signed at least one page of Officer Griebel's police report. Thus, the state court could reasonably find her testimony incredible. Therefore, petitioner's claim must be denied.

### 2. Speedy Hearing Claim

While the full panoply of constitutional protections applicable in criminal proceedings do not apply in the revocation context, due process does require that a probationer receive a revocation hearing within a reasonable time after being taken into custody. Hanahan v. Luther, 693 F.2d 629, 634 (7th Cir. 1982) (citing United States ex rel. Sims v. Sielaff, 563 F.2d 821, 825 (7th Cir. 1977)). Due process claims based on delay are analyzed under the four factors set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972) – the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Luther, 693 F.2d at 634.

The Wisconsin Court of Appeals evaluated petitioner's claim under the Barker

7

factors, concluding that the delay in concluding petitioner's probation revocation hearing did not violate his due process rights because (1) the unavailability of a witness was a valid reason for delay, (2) petitioner consented to the delay and did not assert his rights until the very end of his hearing, and (3) petitioner did not show any prejudice from the delay. (Answer Ex. B at 7-9.)

The state court identified the correct legal standard and reasonably applied it to the facts of the case. First, the ALJ adjourned the hearing from September 25, 2002 to February 6, 2003 in order to obtain Officer Griebel's testimony and certified copies of the judgment (which petitioner demanded). Thus, a valid reason for the delay existed. Second, on September 25, 2002, petitioner expressed a desire to delay the hearing and did not mention his right to a speedy hearing until the end of the hearing on February 6, 2003. Thus, he did not adequately assert his right to a speedy hearing. Finally, petitioner did not identity any witnesses or evidence he lost during the delay or otherwise explain how he was prejudiced by the delay. Therefore, this claim must also be denied.

**D.     Other Motions**

While this case was pending, petitioner filed various motions seeking to restrain Kluck from taking certain actions, for bail pending resolution of his petition, and to stay new revocation proceedings commenced against him. The motions are denied. Petitioner has failed to show that he is entitled to any sort of injunctive relief or that I possess the authority to grant such relief in this habeas action. The power to grant bail is to be used very sparingly, Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985), and petitioner has failed to show that he is so entitled. In any event, the motion is moot

given my denial of the petition. Finally, the present action concerns petitioner's 2002 revocation, and it would be improper for me to intervene in a new and pending revocation.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that petitioner's other motions (R. 19, 20, 25, 31) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 7 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge

9

Case 2:05-cv-00357-LA   Filed 09/07/06   Page 9 of 9   Document 36